IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR JAMES GRIFFIN JR., | |
| Petitioner, | 8:21CV461 |
| vs. | |
| ARRAIGNMENT JUDGE, | MEMORANDUM AND ORDER |
| Respondent. | |

On February 16, 2022, the court directed Petitioner Arthur James Griffin Jr. ("Griffin") to update his address within 30 days after an order sent to Griffin at his last known address at the Douglas County Department of Corrections ("DCDC") was returned to the court as undeliverable. (Filing 6.) However, on February 22, 2022, Griffin filed a new civil case indicating he was still in custody at DCDC. (*See* Filing 1, Case No. 8:22CV67.) The court will, therefore, conduct an initial review of Griffin's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing 1.) For the reasons discussed below, I will dismiss Griffin's petition without prejudice.

Though not clearly specified in the petition, Griffin appears to be a state pretrial detainee confined in DCDC in Omaha, Nebraska. Griffin challenges a "violation of arraignment" and alleges "malice by state witness," but otherwise alleges no other facts about the decision he is challenging. (Filing 1 at CM/ECF pp. 3, 7.) Liberally construed, Griffin alleges violations of his Fourth Amendment rights based on a lack of probable cause. (*Id*. at CM/ECF p. 7.) As relief, Griffin asks for a "punitive damages award." (*Id*. at CM/ECF p. 8 (spelling corrected).)

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

Griffin cannot seek an award of damages in this federal habeas action as claims for damages related to a prisoner's conditions of confinement must be sought in an action pursuant to 42 U.S.C. § 1983. As the United States Supreme Court has explained:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

To the extent Griffin does seek habeas relief, that is, release from confinement, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Griffin appears to be involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies. Specifically, I find that Griffin's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g.*, *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion). Griffin may challenge the alleged lack of probable cause in state court prior to or at trial. Because it "plainly appears from the petition . . . that [Griffin] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss the petition without prejudice.

Because "the detention complained of arises from process issued by a state court," Griffin must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Griffin is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.  The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2.  The court will enter judgment by separate document.

Dated this 3rd day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge